UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-mj-03086-Reid

UNITED STATES OF AMERICA

v.

LEVY SEVERE and
HAROL ARMANDO SANCHEZ PAEZ,
        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: *Kevin D. Gerarde*
Kevin D. Gerarde
Assistant United States Attorney
FL Bar No. 113844
11200 NW 20th Street, Suite 101
Miami, FL 33172
Tel: (305) 715-7648
Email: Kevin.Gerarde@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No.  1:23-mj-03086-Reid |
| LEVY SEVERE and | ) |
| HAROL ARMANDO SANCHEZ PAEZ, | ) |
|  | ) |

*Defendant*

**CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 1, 2023, through June 2, 2023,  in the county of  Miami-Dade  in the
Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| As to Levy Severe: 21 U.S.C. §963 | Conspiracy to import five kilograms or more of cocaine |
| As to Harol Armando Sanchez Paez: 21 U.S.C. §846 | Attempt to possess with intent to distribute five kilograms or more of cocaine |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Duff G. Phinney, Special Agent DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Face Time.

Date:  June 3, 2023

_____
*Judge's signature*

City and state:  Miami, Florida           Hon. Lisette M. Reid, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Duff G. Phinney, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA") and have been so employed since 2022. As a DEA Special Agent, I am an investigative officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division, High Intensity Drug Trafficking Area ("HIDTA") in Miami, Florida. I have personally conducted and participated in investigations resulting in the arrest and prosecution of individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint charging Levy SEVERE ("SEVERE") with conspiracy to import five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 963; and charging Harol Armando SANCHEZ PAEZ ("SANCHEZ PAEZ") with attempt to possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846.

## PROBABLE CAUSE

3.  On or about May 1, 2023, SEVERE used telephone number (242)-827-9463 to contact a DEA Confidential Source ("CS") concerning a shipment of 330-360 kilograms of cocaine that SEVERE sought to transport from The Bahamas to South Florida. Through a series of text messages and phone calls over the following days, SEVERE and the CS planned for the CS to travel by boat from South Florida to The Bahamas to meet SEVERE and pick up the kilograms of cocaine. After that, the CS and SEVERE planned to travel to South Florida, where SEVERE would sell the cocaine to a co-conspirator. SEVERE said the CS could be paid in "units," which I believe refers to kilograms of cocaine, or in $750,000 cash, which would be paid three days after the cocaine was delivered to a co-conspirator in South Florida.

4.  SEVERE told the CS that if the first shipment of cocaine was successful, he would speak to the "manager" about increasing the CS's compensation to $3,000 cash per kilogram of cocaine smuggled during a second trip that would occur several weeks afterwards.

5.  On or about May 29, 2023, SEVERE confirmed the arrangement with the CS, who was to travel to Treasure Cay in The Bahamas, pick up kilograms of cocaine, as well as SEVERE, then transport the cocaine and SEVERE to South Florida. SEVERE asked the CS to send a photo of the CS and his/her vessel so SEVERE could identify them once they arrive at Treasure Cay.

6.  On or about June 1, 2023, the CS and another individual departed from Stuart, Florida in the CS's US-flagged vessel and began traveling toward Treasure Cay. Prior to departing, law enforcement searched the CS's vessel and confirmed that no cocaine or other contraband was on board. Several hours later, the CS arrived and met SEVERE at sea, who was on a vessel with three other individuals and the kilograms of cocaine. While at sea, the kilograms of cocaine were

transferred from the vessel SEVERE arrived in to the CS's vessel. After that, SEVERE and one of the individuals he was with boarded the CS's vessel to begin the return trip to South Florida.

7. Customs and Border Protection ("CBP") identified the CS's vessel as it traveled back towards South Florida and conducted a boarding check while the CS's vessel was within the United States' territorial waters.

8. On board the CS's vessel, law enforcement officers found approximately 174 kilograms of cocaine packaged in several suitcases and duffel bags located in a compartment in the center console of the vessel. This cocaine was packaged into 174 bricks. Law enforcement officers field tested one of the bricks, which tested positive for the presence of cocaine.

9. Through further investigation, DEA agents learned that of the 174 bricks of cocaine, 134 were scheduled to be delivered the next day—on June 2—to an individual, who was ultimately identified as the subject, SANCHEZ PAEZ, in the Aventura, Florida area. The DEA did not identify SANCHEZ PAEZ until he was arrested on June 2, 2023, following a controlled delivery of 134 kilograms of sham cocaine. Prior to the controlled delivery, DEA agents replaced the approximately 134 kilograms of cocaine with approximately 100 kilograms of sham cocaine that was packaged inside of two large black duffel bags, containing 26 kilograms and 27 kilograms of sham, respectively, and one large brown cardboard box, containing 47 kilograms of sham. The DEA agents also placed a tracking device in each of the two large black duffel bags.

10. Law enforcement coordinated the controlled delivery with SANCHEZ PAEZ through a series of recorded phone calls between SEVERE and SANCHEZ PAEZ. During these phone calls, SANCHEZ PAEZ confirmed that he was expecting to receive "134," which I believe refers to 134

kilograms of cocaine. SANCHEZ PAEZ and SEVERE agreed that they would meet in the area of North Miami Beach, Florida on June 2, 2023.

11. On June 2, 2023, at approximately 4:19 p.m., SEVERE and a DEA undercover officer ("UC") delivered the sham cocaine to SANCHEZ PAEZ at 18201 Northeast 19th Avenue, North Miami Beach Florida. The UC was equipped with an audio recording device for this transaction. SANCHEZ PAEZ arrived driving a black Nissan Armada and was the sole occupant of the vehicle. SANCHEZ PAEZ parked next to the UC's vehicle, exited the Nissan Armada, at which time the UC greeted SANCHEZ PAEZ. SANCHEZ PAEZ expressed dissatisfaction with the location and manner of delivery, saying it was "unprofessional." I believe SANCHEZ PAEZ's concern stemmed from the fact that he believed he was picking up a large quantity of cocaine in broad daylight in a public parking lot where others could observe this drug transaction.

12. SEVERE handed SANCHEZ PAEZ one of the large black duffel bags, which SANCHEZ PAEZ then placed in the rear compartment of the black Nissan Armada. The DEA UC handed SANCHEZ PAEZ the second large black duffel bag, which he also placed in the rear compartment of the black Nissan Armada. At this time, law enforcement officers surveilling the transaction took SANCHEZ PAEZ into custody at the rear of his black Nissan Armada. In plain view, law enforcement could see the two large black duffel bags in the rear compartment of the black Nissan Armada, which still contained the sham cocaine and tracking devices.

## CONCLUSION

13. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that SEVERE has committed the following violation, conspiracy to import five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 963; and that SANCHEZ PAEZ

has committed the following violation, attempt to possess with the intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
DUFF G. PHINNEY
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this __3rd__ day of June, 2023.

_____
HONORABLE LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE